**RYAN G. WELDON**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 8329**
**Missoula, MT 59807**
**105 E. Pine, 2nd Floor**
**Missoula, MT 59802**
**Phone: (406) 542-8851**
**FAX: (406) 542-1476**
**E-mail: Ryan.Weldon@usdoj.gov**

'21 JAN 28 PM4:30:20

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### HELENA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 20-10-H-BMM** |
| **Plaintiff,** | **PLEA AGREEMENT** |
| **vs.** | **Rule 11(c)(1)(A) and (B),** *Federal Rules of Criminal Procedure* |
| **JENNIFER MARIE DAVIDSON,** | |
| **Defendant.** | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United

States of America, represented by Ryan G. Weldon, Assistant United States

Attorney for the District of Montana, and the defendant, Jennifer Marie Davidson,

and the defendant's attorney, Palmer A. Hoovestal, have agreed upon the

following:

AUSA    DEF    ATTY    Date

Page 1

1.   **Scope:**  This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant.  It does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

2.   **Charge:**  The defendant agrees to plead guilty to count I in the superseding indictment, which charges conspiracy to possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 846.  Count I carries a mandatory minimum ten years to life imprisonment, a $10,000,000 fine, at least five years supervised release, and a $100 special assessment.  The defendant also agrees to plead true to the forfeiture allegation.

At the time of sentencing, if the Court accepts this plea agreement, the United States will move to dismiss count II of the superseding indictment.

3.   **Nature of the Agreement:**  The parties agree that this plea agreement will be governed by:

- Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*.  The defendant acknowledges that the agreement will be fulfilled provided the United States:  a) moves to dismiss, and the Court agrees to dismiss, count II of the superseding indictment; and b) makes the recommendations provided below.  The defendant understands that if the agreement is accepted by the Court, and count II of the superseding indictment is dismissed, there will not

be an automatic right to withdraw the plea, even if the Court does not accept

or follow the recommendations made by the United States.

4.      **Admission of Guilt:**  The defendant will plead guilty to conspiracy to

possess with the intent to distribute methamphetamine contained in count I in the

superseding indictment.  In pleading guilty to count I, the defendant acknowledges

that:

> **First**, there was an agreement between two or more people to
> distribute and to possess with the intent to distribute
> methamphetamine;
>
> **Second**, the defendant became a member of the conspiracy knowing
> of at least one of its objects and intending to help accomplish it; and,
>
> **Third**, 50 or more grams of actual methamphetamine were within the
> scope of the agreement, or were reasonably foreseeable to her.

5.      **Waiver of Rights by Plea:**

(a)      The government has a right to use against the defendant, in a

prosecution for perjury or false statement, any statement given under oath during

the plea colloquy.

(b)      The defendant has the right to plead not guilty or to persist in a

plea of not guilty.

(c)      The defendant has the right to a jury trial unless, by written

waiver, the defendant consents to a non-jury trial.  The United States must also

consent and the Court must approve a non-jury trial.

(d)     The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(e)     If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random.  The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(f)     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(g)     At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant.  The defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them.  In turn, the defendant could present witnesses and other evidence.  If the witnesses for the defendant

would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(h)     At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from the refusal to testify.  Or the defendant could exercise the choice to testify.

(i)     If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

(j)     The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

(k)     If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all of the rights set forth in this paragraph.

The defendant's attorney has explained those rights and the consequences of waiving those rights.

6.      **Recommendations:**  The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless the defendant is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility.  The United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate under the Guidelines.  The parties reserve the right to make any other arguments at the time of sentencing.  The defendant understands that the Court is not bound by this recommendation.

7.      **Sentencing Guidelines:**  Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8.      **Waiver of Appeal of the Sentence – General:**  The defendant understands that the law provides a right to appeal and collaterally attack the sentence imposed in this case.  18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255.  Based on the concessions made by the United States, the defendant knowingly waives any right to appeal or collaterally attack any aspect of the sentence, including conditions of probation or supervised release.  This waiver includes

AUSA        DEF        ATTY        Date                              Page 6

challenges to the constitutionality of any statute of conviction and arguments that
the admitted conduct does not fall within any statute of conviction. This waiver
does not prohibit the right to pursue a collateral challenge alleging ineffective
assistance of counsel.

**9.** **Voluntary Plea:** The defendant and the defendant's attorney
acknowledge that no threats, promises, or representations have been made to
induce the defendant to plead guilty, and that this agreement is freely and
voluntarily endorsed by the parties.

**10.** **Detention/Release After Plea:** Pursuant to 18 U.S.C. § 3143(a)(2),
the defendant acknowledges that the defendant will be detained upon conviction
unless (A)(i) the Court finds there is a substantial likelihood that a motion for
acquittal or new trial will be granted or (ii) this agreement provides that the United
States will recommend that no sentence of imprisonment be imposed and (B) the
Court finds, by clear and convincing evidence, that the defendant is not likely to
flee or pose a danger to any other person or the community. Then, if exceptional
circumstances exist, the defendant may be released upon conditions.

**11.** **Breach:** If the defendant breaches this plea agreement, at any time, in
any way, including but not limited to appealing or collaterally attacking the
conviction or sentence, the United States may prosecute the defendant for any
counts dismissed or not charged pursuant to this plea agreement. Additionally, the

AUSA        DEF        ATTY        Date                                    Page 7

United States may use any factual admissions made by the defendant pursuant to this plea agreement in any such prosecution.

**12.    Entire Agreement:**  Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement.  No promises or representations have been made by the United States except as set forth in writing in this plea agreement.  This plea agreement constitutes the entire agreement between the parties.  Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

KURT G. ALME
United States Attorney

_____

RYAN G. WELDON
Assistant U.S. Attorney
Date: 1/28/21

_____

JENNIFER MARIE DAVIDSON
Defendant
Date: 1/21/2021

_____

PALMER A. HOOVESTAL
Defense Counsel
Date: 1/20/2021